UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00394-FDW-DSC

| | |
|---|---|
| American General Life Insurance Company, ) ) )<br>Plaintiff, ) )<br>vs. ) )<br>Brittany Brown )<br>Kasey Brown )<br>Express Funeral Funding, LLC )<br>Jaden Chunn )<br>Charles J. Brown )<br>Carolina Funeral Service & )<br>Cremation Center, LLC, ) )<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on Defendant's Consent Motion to Set Aside Default, which is unopposed by Plaintiff. (Doc. No. 15). For the reasons stated herein, the Court GRANTS Defendant's Motion.

### I. BACKGROUND

On July 17, 2020, Plaintiff filed a complaint against Defendants for interpleader relief regarding a life insurance policy that became payable on or around December 22, 2019. (Doc. No. 1). The listed beneficiaries on the policy changed approximately three times between the time the policy was purchased and when it became payable. (Doc. No. 1, pp. 2-3). Once the policy became payable, Plaintiff received separate claims for benefits under the policy from each Defendant. Id. at pp. 3-4. Plaintiff filed the instant suit to "resolve conflicting claims and potential rights to the benefits due and owing under the Policy." Id. at p. 4. Summons was properly issued to all Defendants except Defendant Kasey Brown, and only pro se Defendant Charles Brown filed an Answer. (Doc. No. 9). Plaintiff moved for an entry of default as to Defendants Brittany Brown,

Jaden Chunn, and CFSCC on September 4, 2020, (Doc. No. 10), and the Clerk of Court entered default as to them on September 9, 2020. (Doc. No. 11). Defendants Brittany Brown and CFSCC ("Defaulting Defendants") promptly filed the instant Motion to Set Aside Default.

## II. ANALYSIS

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a defendant who fails to "plead or otherwise defend." Fed. R. Civ. P. 55(a). Under Rule 55(c), the Court may set aside such entry for default upon a showing of good cause. Fed. R. Civ. P. 55(c). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quotation omitted). "Any doubts about whether such relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

When deciding whether to set aside an entry of default, courts should "consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

Here, the considerations weigh heavily in favor of setting aside the default. The Motion to Set Aside Default indicates that the Defaulting Defendant's' failure to answer was due to a clerical error made by Defaulting Defendants' counsel. (Doc. No. 15-1, p. 2). Upon the Clerk's entry of default, Defaulting Defendants promptly filed its Answer within two days, (Doc. No. 12), and filed the instant motion within seven days. (Doc. No. 15). Moreover, Plaintiff does not object to setting aside the entry of default as to Defaulting Defendants. (Doc. No. 15, p. 2). Accordingly, because

2

Case 3:20-cv-00394-FDW-DSC   Document 16   Filed 11/19/20   Page 2 of 3

a Rule 55(c) motion is to be construed liberally in favor of setting aside default and because Defaulting Defendants have shown good cause, the Court hereby GRANTS Defendants' Motion to Set Aside Default. (Doc. No. 15).

### III. CONCLUSION

For the reasons stated herein, Defendants Brittany Brown and Carolina Funeral Service & Cremation Center, LLC have shown good cause to set aside the entry of default against them. Accordingly, their Motion to Set Aside Entry of Default, (Doc. No. 15), is GRANTED.

IT IS SO ORDERED.

Signed: November 19, 2020

Frank D. Whitney
United States District Judge