UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00394-FDW-DSC

| American General Life Insurance Company, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Brittany Brown | ) | |
| Kasey Brown | ) | |
| Express Funeral Funding, LLC | ) | |
| Jaden Chunn | ) | |
| Charles J. Brown | ) | |
| Carolina Funeral Service & Cremation Center, LLC, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Discharge from Further Liability Pursuant to 28 U.S.C. § 236 (Doc. No. 17), which is opposed by Defendants Brittany Brown, Kasey Brown, and Carolina Funeral Service & Cremation Center, LLC (Doc. No. 18). For the reasons stated herein, the Court GRANTS Plaintiff's Motion (Doc No. 17).

### I.   BACKGROUND

On July 17, 2020, Plaintiff filed a complaint against Defendants for interpleader relief under Rule 22 of the Federal Rules of Civil Procedure, regarding a life insurance policy that became payable on or around December 22, 2019. (Doc. No. 1). The listed beneficiaries on the policy changed approximately three times between the time the policy was purchased and when it became payable. (Doc. No. 1, pp. 2-3). Once the policy became payable, Plaintiff received separate claims for benefits under the policy from each Defendant. Id. at pp. 3-4. Plaintiff filed the instant suit to "resolve conflicting claims and potential rights to the benefits due and owing under the Policy." Id. at p. 4.

On November 19, 2020, the Court granted a Motion to Deposit the funds in the amount of $2,901.55 plus accrued interest. (Doc. No. 14 pp. 1-2). Subsequently, Plaintiff filed the instant Motion for Discharge from Further Liability. (Doc. No. 17). Plaintiff asks the Court to (1) discharge the Plaintiff with prejudice from any and all liability to Defendants; (2) enjoin Defendants from instituting any further proceedings relating to the death benefit in this case; and (3), discharge Plaintiff with prejudice from all further appearances in the present case. Id. at 5. Defendants Brittany Brown, Kasey Brown, and Carolina Funeral Service & Cremation Center, LLC oppose the Motion. (Doc. No. 18).

## II. LEGAL STANDARD

Interpleader is appropriate when parties are engaged in a dispute about proceeds that remain in the hands of a third party who is willing to surrender such proceeds. See Equitable Life Assurance Soc'y. v. Jones, 679 F.2d 356, 358 n.2 (4th Cir.1982) (citations omitted). Upon the filing of a proper interpleader action, a court should relieve the third party of holding the proceeds and resolve the dispute itself. See id. "The federal system provides for . . . two distinct methods of invoking interpleader — statutory and rule interpleader — and their jurisdictional requirements vary." Banner Life Ins. Co. v. Jones, C/A No. 2:11CV63, 2011 WL 4565352, at *4 (E.D. Va. Sept. 29, 2011). Plaintiff filed its Complaint for statutory interpleader pursuant to the federal interpleader statutes, 28 U.S.C. §§ 1335 and 2361. (Doc. No. 1, p. 2).

Procedurally, there are two stages in a statutory interpleader action. Banner Life, 2011 WL 4565352, at *6 (citing United States v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007)). During the first stage, "[a] court must determine whether the stakeholder has invoked properly [their] interpleader jurisdiction to compel the claimants to litigate their claims to the stake in one proceeding." Banner Life, 2011 WL 4565352, at *6 (citing United States v. High Tech. Prods.,

Inc., 497 F.3d 637, 641 (6th Cir. 2007)). In evaluating whether interpleader has been properly invoked, a court must determine whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) there are any equitable concerns that would prevent the use of interpleader. Metro. Life Ins. Co. v. Vines, C/A No. 10-2809, 2011 WL 2133340, at **5-6 (D. Md. May 25, 2011) (citing High Tech. Prods., 497 F.3d at 641).

The first element—jurisdiction—requires the following: (1) the interpleader action was filed by any person in custody of an insurance policy worth $500 or more; (2) two or more adverse claimants, of diverse citizenship, claiming entitlement to such money; and (3) the plaintiff has deposited such money into the court's registry. 28 U.S.C. § 1335. Notably, the diverse citizenship standard "require[s] only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." Banner Life, 2011 WL 4565352, at *4 (quoting State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967)).[1]

Assuming the five requirements of § 1335 have been met, a stakeholder may be dismissed with prejudice from an interpleader action under the authority of 28 U.S.C. § 2361. See High Tech. Prods., 497 F.3d at 641. Moreover, 28 U.S.C. § 2361 gives district courts the authority to enter broad injunctions discharging the stakeholder from all liability with respect to the deposited funds:

> In any civil action of interpleader … a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action….

---

[1] In § 1335, venue is proper in any judicial district where one or more of the claimants reside. 28 U.S.C. § 1397.

> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

See, e.g., Fed. Ins. Co. v. Parnell, No. 6:0CV00033, 2009 WL 2848667, at *4 (W.D. Va. Sept. 3, 2009) (enjoining claimants from bringing any proceeding regarding the insurance policy proceeds at issue).

Once a stakeholder has been discharged, a court proceeds to the second stage of an interpleader case. Banner Life, 2011 WL 4565352, at *6. "In the second stage of the case, '[a] court must determine the respective rights of the claimant to the stake.'" Id. (citing Crider v. Taylor, C/A No. 89-0001, 1989 U.S. Dist. LEXIS 18104, at *8 (W.D. Va. Nov. 13, 1989).

### III. ANALYSIS

Plaintiff argues it has fulfilled the requirements of § 1335 and should accordingly be dismissed from the suit and that Defendants should be enjoined from bringing any proceeding regarding the proceeds of the Policy. (Doc. No. 17, pp. 3-5). Defendants put forth two arguments in opposing Plaintiff's Motion. First, Defendants argue that discharge is inappropriate at this stage of the case. (Doc. No. 18, p. 2). Second, Defendants argue there are equitable concerns that would prevent discharge under step five of the five-step interpleader invocation analysis. Id. at p. 3.

**A. Discharge Timing**

Defendants argue the Court has not yet determined that Plaintiff has properly invoked the Court's interpleader jurisdiction. (Doc. No. 18 p. 2). Defendants are correct in their assertion. However, the correct time to determine if interpleader has been properly invoked is when the stakeholder moves for discharge from liability. E.g., High Tech. Prods., 497 F.3d at 641. Seeing as the Court is presently considering Plaintiff's Motion for Discharge, a determination about proper invocation of the Court's interpleader jurisdiction must now be made.

### B. Invocation of Interpleader Jurisdiction

As set out above, the Court must ensure the five requirements of § 1335 have been met to conclude interpleader jurisdiction has been properly invoked. Metro. Life Ins. Co., 2011 WL 2133340, at **5-6 (citing High Tech. Prods., 497 F.3d at 641).

#### a. Jurisdiction

First, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. The three requirements of 28 U.S.C. § 1335 have been met: (1) the interpleader was filed by Plaintiff who was in custody of an insurance policy in the amount of $2,901.55; (2) claimants are minimally diverse in that Defendants Brittany Brown, Kasey Brown, and Carolina Funeral Service & Cremation Center, LLC are citizens and residents of North Carolina, and Defendant Express Funeral Funding, LLC is a Delaware entity with its principal place of business in Indiana; (3) the Plaintiff has been ordered to deposit the $2,901.55 into the Courts registry. (Doc. No. 1, p. 2; Doc. No. 12, p. 1; Doc. No. 14, pp. 1-2). Therefore, the Court finds that step one of the five-step analysis for proper invocation of interpleader is satisfied.

#### b. Single Fund

Second, a single fund is at issue. In the present case, the only fund at issue is a death benefit due under the American General Life Insurance Policy. (Doc. No. 1, p. 2). Therefore, the Court finds that step two of the five-step analysis for proper invocation of interpleader has been satisfied.

#### c. Adverse Claimants

Third, there are adverse claimants to the fund. Defendants Brittany Brown, Kasey Brown, and Carolina Funeral Service & Cremation Center, LLC and Charles J. Brown are adverse claimants to the death benefit due under the American General Life Insurance Policy. (Doc. No.

9, p. 1; Doc. No. 12, p. 2). Therefore, the Court finds that step three of the five-step analysis for proper invocation of interpleader has been satisfied.

### d. Stakeholder Actually Threatened

Fourth, Plaintiff is legitimately threatened with multiple liability. A life insurance company is threatened with multiple liability when more than one claimant has made competing claims because the insurance company may be liable for damages if it incorrectly disburses the benefits. See Metro. Life Ins. Co., 2011 WL 2133340, at *8. Here, multiple claimants have made competing claims and Plaintiff may be held liable for damages if it were to incorrectly disburse the benefits. (Doc. No. 1, pp. 3-4). Therefore, the Court finds that step four of the five-step analysis for proper invocation of interpleader has been satisfied.

### e. No Equitable Concerns

Fifth, no equitable concerns prevent the use of interpleader relief. Equitable concerns generally include the stakeholder acting in bad faith or unreasonable delay in bringing an interpleader action. Banner Life, 2011 WL 4565352, at *6. Here, there are no allegations that Plaintiff acted in bad faith. Additionally, there was no unreasonable delay because Plaintiff filed this interpleader action only ten days after receiving the last claim for benefits. (Doc. No. 1, pp. 1-7).

However, Defendants argue that dismissing Plaintiff would prevent the remaining parties from obtaining necessary information from Plaintiff. (Doc. No. 18 p. 3). Defendants' argument fails for multiple reasons. First, Plaintiff, offered to produce its complete file to Defendants and asked what information Defendants sought prior to filing the present motion. (Doc. No. 19, p. 4) However, Defendants' counsel failed to respond and did not gather the information they claim to seek even though Plaintiff was willing to provide it. Id. at pp. 1-4. Second, dismissal and discharge

6

of liability for Plaintiff does not prohibit Defendants from obtaining documents and information from non-parties under normal discovery processes. Fed. R. Civ. P. 45.

Finally, Defendants' reliance on Metro. Life Ins. Co. and Combined Ins. Co. of Am. v. Swift, C/A No. 5:13CV86, 2013 WL 5946378 (N.D. W. Va. Nov. 5, 2013) is misplaced. Defendants argue Metro. Life Ins. Co. and Combined Ins. Co. of Am. stand for the proposition that courts typically issue scheduling orders so as to enable a discovery process prior to discharging the stakeholder. (Doc. No. 18, p. 3) However, this is incorrect. Metro. Life Ins. Co. and Combined Ins. Co. of Am. make clear that courts typically issue scheduling orders to enable a discovery process *after* discharging the stakeholder from liability. Metro. Life Ins. Co., 2011 WL 2133340, at *6 (ruling that only during the second stage of interpleader actions is a scheduling order issued and does discovery occur); Combined Ins. Co. of Am., 2013 WL 5946378, at *2 (issuing a briefing schedule that did not address discovery prior to issuing a discharge order). The Court sees no reason why a scheduling order and discovery cannot occur in this case after Plaintiff is discharged, and Defendants have not persuaded the Court otherwise. Accordingly, the Court does not find that any equitable concerns, including the current lack of discovery, prevent the use of interpleader relief.

Therefore, the Court finds the five requirements of § 1335 have been met and that Plaintiff has properly invoked statutory interpleader jurisdiction. Accordingly, 28 U.S.C. § 2361 permits the Plaintiff to: (1) interplead the $2,901.55 plus interest; (2) deposit this amount with the Court; (3) obtain a discharge from further liability with prejudice; and (4) request a permanent injunction restraining the Defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Policy the Plaintiff has interpleaded.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs Motion for Discharge from Further Liability, (Doc. No. 17) is GRANTED. Therefore, Defendants are ENJOINED from instituting or prosecuting any judicial proceeding against Plaintiff in any State or United States court pertaining to Kathy Brown's life insurance policy # 6180022485. Additionally, Plaintiff is DISMISSED from this matter with prejudice. Finally, it is FURTHER ORDERED that this Order is hereby conditioned upon Plaintiff depositing the $2,901.55 plus interest with this Court's registry as provided in Doc. No. 14 no later than March 1, 2021.

IT IS SO ORDERED.

Signed: February 12, 2021

Frank D. Whitney
United States District Judge