UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00394-FDW-DSC

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER and NOTICE OF HEARING |
| BROWN *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

THIS MATTER is before the Court on Interpleader Defendant Charles J. Brown's ("**Brown**")

Motion for Summary Judgment (Doc. No. 23) filed on September 30, 2021, and Interpleader

Defendants Brittany Brown, Kasey Brown, and Carolina Funeral Service & Cremation Center, LLC's

("**Carolina Funeral**") Motion for Summary Judgment (Doc. No. 24) filed on October 1, 2021. The

Court entered a Roseboro Order, notifying Brown of his right to respond to Carolina Funeral's Motion

for Summary Judgment on October 28, 2021, wherein Brown was given until November 17, 2021 to

respond to Carolina Funeral's Motion for Summary Judgment (Doc. No. 26). The deadline for both

Brown and Carolina Funeral to respond to the other's Motion for Summary Judgment has long since

passed, and having received responses from neither party, the Motions are now ripe for review.

Summary judgment shall be granted only "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The movant has the "initial responsibility of informing the district court of the basis

for its motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986) (internal citations omitted).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material only if it might affect the outcome of the suit under governing law.  Id.  When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.  Moreover, pleadings of *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers.  See Walker v. Walkie, 2019 WL 3338246, at *4 (W.D.N.C. Jul. 25, 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, courts cannot act as the *pro se* litigant's advocate.  Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978)).

Here, both parties have failed to meet the initial burden of showing there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1]  Accordingly, IT IS ORDERED that Defendant Charles J. Brown's Motion for Summary Judgment (Doc. No. 23) is DENIED, and Defendant Carolina Funeral's Motion for Summary Judgment (Doc. No. 24) is DENIED.

**The parties shall TAKE NOTICE that this case will be tried before the undersigned during the mixed trial term scheduled for January 3-21, 2022.  As set forth in this Court's October 14, 2021 Order (Doc. No. 25), the parties shall appear at docket call on Monday, January 3, 2022, at 9:00 A.M. in Courtroom #5B of the Charles R. Jonas Building.  A final pretrial conference will be held immediately following docket call.**

---

[1] Significantly, the Court notes its concern that Carolina Funeral's Motion for Summary Judgment (Doc. No. 24), filed by its attorney, consists *solely* of the following sentence: "COMES NOW Defendants, Carolina Funeral Service & Cremation Center, LLC, Kasey Brown, and Brittany Brown [sic] and submits the following Affidavits in support of its Motion to have the court pay the interplead funds from insurance policy to Carolina Funeral Service & Cremation Center" (Doc. No. 24), along with the referenced affidavits. As such, Carolina Funeral's Motion is completely devoid of any legal analysis or substantive support to show it is entitled to the request it seeks from this Court.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Defendant Charles J. Brown's address of record.

IT IS SO ORDERED.

Signed: December 14, 2021

Frank D. Whitney
United States District Judge