UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00394-FDW-DSC

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>BROWN *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)     ORDER<br>)<br>)<br>)<br>)<br>) |

THIS MATTER is before the Court *sua sponte* as to the trial setting in this matter. In his Motion for Summary Judgment (Doc. No. 23), filed on September 30, 2021, Defendant Charles J. Brown ("**Brown**"), who is proceeding *pro se*, asserts he is "disabled and will not be able to appear in person." The Court has since notified the parties in its October 14, 2021 Order (Doc. No. 35) and its December 14, 2021 Order (Doc. No. 27) that "this case will be tried before the undersigned during the mixed trial term scheduled for January 3-21, 2022…. [T]he parties shall appear at docket call on Monday, January 3, 2022, at 9:00 A.M. in Courtroom #5B of the Charles R. Jonas Building. A final pretrial conference will be held immediately following docket call," (Doc. No. 27, p. 2).

Therefore, **Brown, and/or an attorney on his behalf, is required to appear for trial, beginning with docket call on Monday, January 3, 2022, at 9:00 A.M., to present his case. The Court now specifically warns Brown that the failure to appear could result in a finding of judgment against him and/or in him being held in contempt of court.**[1] During the pretrial

---

[1] See Meineke Car Care Centers, LLC v. ASAR Inc., LLC, 2016 WL 270310 (W.D.N.C. Jan. 20, 2016) (citing Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994) ("The Court has broad discretion in fashioning coercive remedies to ensure compliance with its orders. To that end, a person found in contempt may be, among other things, imprisoned or fined indefinitely until he complies with the orders of the court."); see also Bauer

conference for this matter, Brown, or an attorney on his behalf, may request reasonable accommodations, such as routine breaks, that may be possible during trial.

The Clerk is respectfully DIRECTED to send a copy of this Notice to Defendant Charles J. Brown's address of record.

Signed: December 15, 2021

Frank D. Whitney
United States District Judge

---

v. C.I.R., 97 F.3d 45 (4th Cir. 1996) (Finding petitioner's *pro se* status did not excuse his failure to appear and case was properly dismissed based on petitioner's failure to appear at trial).